UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY,

                        Plaintiff,

- against -

UPLIFT ELEVATOR OF NY INC., JERMAINE
HICKSON, and HAMILTON HEIGHTS CLUSTER
ASSOCIATES, L.P.,

                        Defendants.

**ORDER**

20 Civ. 3246 (PGG) (JW)

---

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff American Empire Surplus Lines Insurance Company has sued Defendants Uplift Elevator of NY Inc., Jermain Hickson, and Hamilton Heights Cluster Associates, L.P. based on Uplift's alleged failure to pay premiums under a 2018 insurance policy issued by Plaintiff, and based on Uplift's alleged failure to allow Plaintiff to conduct certain audits of Uplift's business.[1]  (See generally Am. Cmplt. (Dkt. No. 24))

        On October 30, 2020, this Court entered an Order of Default as to Defendants (Dkt. No. 39) and referred this case to Magistrate Judge Kevin Nathaniel Fox for an inquest on damages.  (Dkt. No. 38)  Judge Fox has issued a Report & Recommendation ("R&R") recommending that Plaintiff be awarded $1,542,306 in damages (plus pre-judgment interest of 9% per annum from January 29, 2020) and $515 in costs as against Defendant Uplift.  (R&R

---

[1] According to the Amended Complaint, "[a]ll defendants other than Uplift are named as nominal defendants to the extent that their interests may be affected by the outcome of the causes of action ple[d] by American Empire in this action."  (Am. Cmplt. (Dkt. No. 24) ¶ 6)

(Dkt. No. 53) at 19)[2]  Judge Fox also recommends that this Court enter a declaration that (1) Plaintiff is entitled to examine Uplift's business records to determine whether Uplift owes additional premiums under 2017 and 2019 insurance policies issued by Plaintiff; and (2) Uplift is obligated to provide relevant business records to Plaintiff by a date certain.  (Id.)  Finally, Judge Fox recommends that Plaintiff's request for an award of attorneys' fees be denied.  (Id.)

No party has filed objections to the R&R.

For the reasons stated below, the R&R will be adopted in its entirety.

## BACKGROUND

**I.     FACTS**[3]

Plaintiff is an insurance company with its principal place of business in Ohio. (Am. Cmplt. (Dkt. No. 24) ¶ 1)  Defendant Uplift is a corporation with its principal place of business in Rockland County, New York.  (Id. ¶ 2)  Plaintiff issued three "Commercial General Liability" insurance policies to Uplift:  (1) Policy No. 17CG0215201, for the period from August 26, 2017 to August 26, 2018 (the "2017 Policy"); (2) Policy No. 18CG0222749, for the period from August 26, 2018 to August 26, 2019 (the "2018 Policy"); and (3) Policy No. PL2665513, for the period from August 26, 2019 to August 26, 2020 (the "2019 Policy" and, together with the 2017 Policy and the 2018 Policy, the "Policies").  (Id. ¶¶ 10, 23, 30)

---

[2]  Citations to page numbers of docketed material correspond to the pagination generated by this District's Electronic Case Files ("ECF") system.
[3]  As no objections to the R&R have been filed, the Court adopts the R&R's account of the facts in full.  See Silverman v. 3D Total Sols., Inc., 18 Civ. 10231 (AT), 2020 WL 1285049, at *1 n.1 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section.").  Given Defendants' default, these facts are assumed to be true.  See Idir v. La Calle TV, LLC, No. 19 Civ. Civ. 6251 (JGK), 2020 WL 4016425, at *2 (S.D.N.Y. July 15, 2020) ("In the event of a defendant's default, the plaintiff's properly pleaded allegations in the complaint, except those related to damages, are accepted as true.").

Under the terms of the Policies, Uplift's premiums are computed as a percentage of Uplift's gross receipts during the relevant policy period. (Id. ¶¶ 11, 24, 31) Uplift paid advance premiums based on initial estimates of Uplift's gross receipts, but Plaintiff reserved the right to adjust those premiums "if an audit by [Plaintiff] revealed that [Uplift's] gross receipts exceeded the initial estimate." (Id. ¶¶ 12, 25, 32) Plaintiff conducted such an audit for the 2018 Policy, and determined that "Uplift owed additional premium under the . . . 2018 Policy in the amount of $1,542,306." (Id. ¶¶ 17-18) To date, Uplift has not paid Plaintiff that additional premium. (Id. ¶ 38) Plaintiff attempted to conduct similar audits with respect to the 2017 Policy and the 2019 Policy, but "Uplift has been uncooperative with [Plaintiff] and its auditor," so no such audits have been performed. (Id. ¶¶ 27-29, 34-35)

In this action, Plaintiff seeks (1) the additional $1,542,306 premium payment Uplift owes pursuant to the 2018 Policy; (2) a declaration requiring Uplift to submit to audits pursuant to the 2017 Policy and the 2019 Policy; and (3) an award of attorneys' fees and costs.[4] (See id. at 12-14)

## II.   PROCEDURAL HISTORY

The Complaint was filed on April 24, 2020. (Dkt. No. 1) Plaintiff obtained a Clerk's Certificate of Default as to Uplift on August 6, 2020, and as to the two other Defendants on August 7, 2020. (See Dkt. Nos. 17, 20-21) On September 4, 2020, Plaintiff filed and served

---

[4] As noted above, Defendants Hickson and Hamilton Heights Cluster Associates, L.P. are sued only as "nominal defendants to the extent that their interests may be affected by the outcome of the causes of action ple[d] by American Empire in this action." (Id. ¶ 6) Plaintiff alleges that, "[u]pon information and belief, coverage under the . . . 2018 Policy may be implicated relative to" a personal injury action that Hickson commenced against Hamilton Heights Cluster Associates, L.P. and Uplift. (Id. ¶¶ 20-22) Plaintiff seeks a declaration that it "has no obligation to defend and indemnify Uplift, or any other person or entity seeking coverage under the . . . 2018 Policy, relative to the [action brought by Hickson]." (Id. ¶¶ 42, 45; id. at 12)

3

the Amended Complaint.  (See Dkt. Nos. 24-25)  On October 1, 2020 – without first obtaining a Clerk's Certificate of Default as to the Amended Complaint – Plaintiff moved for a default judgment on the Amended Complaint.  (See Dkt. Nos. 26-29)  On October 2, 2020, this Court directed all three Defendants to show cause – on October 29, 2020 – why a default judgment should not be entered against them.  (See Dkt. No. 30)

Defendants did not file any response to Plaintiff's motion for a default judgment or the Court's show cause order, nor did they appear at the October 29, 2020 hearing.  (See Order of Default (Dkt. No. 39) at 1-2)  Accordingly, on October 30, 2020, this Court entered an Order of Default as to all Defendants and referred the matter to Judge Fox for an inquest concerning the relief Plaintiff seeks.  (See id. at 2; Order of Reference (Dkt. No. 38))

Judge Fox conducted an inquest hearing on February 4, 2021.  (R&R (Dkt. No. 53) at 2)  During the hearing, Judge Fox pointed out that Plaintiff had not yet obtained a Clerk's Certificate of Default with respect to the Amended Complaint, and directed Plaintiff to submit a memorandum of law addressing several legal issues with respect to Plaintiff's compliance with Federal Rule of Civil Procedure 55(a).  (Id. at 6)  Instead of addressing the legal issues posed by Judge Fox, on February 5, 2021, Plaintiff obtained a Clerk's Certificate of Default – as to all Defendants – with respect to the Amended Complaint.  (See Dkt. No. 50 at 1-2)

In a May 26, 2021 R&R, Judge Fox recommends that Plaintiff be awarded $1,542,306 in damages (plus pre-judgment interest of 9% per annum from January 29, 2020) and $515 in costs as against Defendant Uplift.  (R&R (Dkt. No. 53) at 19)  Judge Fox also recommends that this Court issue a declaration that (1) Plaintiff is entitled to examine Uplift's business records to determine whether Uplift owes additional premiums pursuant to the 2017 Policy and the 2019 Policy; and (2) Uplift is obligated to provide relevant business records to

4

Plaintiff by a date certain. (Id.) Finally, Judge Fox recommends that Plaintiff's request for an award of attorneys' fees be denied.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections are filed in response to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note). Moreover, the Second Circuit has made clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

## DISCUSSION

Here, the R&R recites the appropriate deadlines for submission of objections and the consequences for failing to do so:

> Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Any requests for an extension of time for filing objections must be directed to Judge Gardephe. ***Failure to file objections within fourteen (14) days will result in a waiver of objections and will***

5

*preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003)

(R&R (Dkt. No. 53) at 19 (emphasis in original))  Despite clear warning that a failure to file objections would result in a waiver of judicial review, no party has filed objections to the R&R.

Because no party has filed objections to Judge Fox's R&R, the parties have waived judicial review.  This Court has, however, reviewed Judge Fox's nineteen-page R&R and finds it to be thorough, well-reasoned, and free of any clear error.

Accordingly, Judge Fox's R&R will be adopted in its entirety.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety.  The Clerk of Court is directed to enter judgment, and to close this case.

Dated: New York, New York
       February 1, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge